IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 24-32747 |
| | § | |
| KEVIN HUNTER, JR. | § | Chapter 7 |
| | § | |
| Debtor | § | Judge Eduardo V. Rodriguez |

ORDER GRANTING REDEMPTION AND
APPROVAL OF ASSOCIATED FINANCING AND ATTORNEY'S FEES

On this date, the Court considered the *Debtor(s)' Motion for Authority to Redeem Personal Property and Approval of Associated Financing and Attorney's Fees under 11 U.S.C. § 722* (the "Motion"). The Court finds that the Motion was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure. The Court finds that no responsive pleadings or objection timely was filed with the Court within the time required. Accordingly, after reviewing the pleadings and other documents on file with the Court, the Court finds as follows and grants the Motion as set forth in this Order.

1. Property. The tangible personal property described below is intended primarily for personal, family or household use of the Debtor(s) (the "Vehicle" or the "Property"):

    Year/Make/Model:    **2020 Tesla Model 3**

    VIN:                5YJ3E1EA5LF606325

2. Creditor. The property is subject to a lien held by the following creditor (the "Creditor"):

    Creditor:    **SHELL FEDERAL CREDIT UNION**
    Attn: Bankruptcy
    P.O. Box 578
    Deer Park, TX 77536-0578

    The debt owing the Creditor is a dischargeable consumer debt.

3. Exemption or Interest of Estate. The Debtor(s)' interest in such property is exempt or has been abandoned by the estate.

4. Redemption Value. As supported by the evidence before the Court, the value of the secured claim of the Creditor for purposes of redemption, the "redemption value," is determined to be $19,485.00. Likewise, the "redemption amount" of the Property shall be $19,485.00.

**IT IS THEREFORE ORDERED** as follows:

1. The Debtor(s)' Motion is hereby GRANTED.

2. The Debtor(s) may redeem the subject Property by paying to the Creditor the total sum of $19,485.00, the redemption amount, on or before the thirtieth (30th) day following entry of this Order.

3. Reasonable attorney's fees in the amount of $750.00 to Debtor(s)' Counsel, the RESOLVE LAW GROUP, and financing are approved under the terms and conditions set forth in the aforementioned Motion and as set forth in this Order.

4. Upon timely receipt of such payment, the Creditor is ordered to cancel the lien of record against the Property and surrender the certificate of title to the Vehicle in accord with the Debtor(s)' or Debtor(s)' Counsel's instructions.

5. In the event of the failure of the Creditor to so cancel its lien within three (3) days after payment of the aforesaid lump sum payment pursuant to entry of this Order, then this Order shall be construed to cancel said lien after such three-day period and shall serve as authorization for the said lien to be canceled. Accordingly, it is ordered that the applicable County Clerk's office shall cancel said lien of record against the Vehicle.

6. In the event of the failure of the Debtor(s) to pay the redemption amount within such time frame, the automatic stay shall immediately terminate on the thirty-first (31st) day following entry of this Order without further order of this Court.

7. All other dates, hearings, and deadlines set forth in the above-referenced bankruptcy case shall remain in effect and not be modified until further order of this Court.